IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KIMBERLY S. MCKAVENEY, OM-5384, )
    Petitioner, )
 )
    v. ) 2:17-cv-670
 )
COMMONWEALTH OF PENNSYLVANIA, )
et al., )
    Respondents. )

MEMORANDUM and ORDER

Kimberly S. McKaveney, an inmate at the State Correctional Institution at Muncy has presented a petition for a writ of habeas corpus.

McKaveney is presently serving a life sentence imposed on March 6, 2007, following her conviction by a jury of first degree murder at No. CP-02-CR-0000119-2006 in the Court of Common Pleas of Allegheny County, Pennsylvania.[1]

Appended to the petition is a copy of the Docket Sheet of the Court of Common Pleas which demonstrates that an appeal to the Superior Court was filed on September 28, 2007 and the judgment of sentence was affirmed on October 30, 2009.

On September 9, 2010 she filed a post-conviction petition. That petition was granted and the judgment of sentence was vacated and a new trial ordered on April 12, 2012. On appeal, the Superior Court reversed the grant of relief on February 25, 2014 and allowance of appeal was denied by the Pennsylvania Supreme Court on August 29, 2014.

On August 20, 2015, petitioner filed a state habeas corpus petition which as of this date is still pending in the Court of Common Pleas.

In the instant petition executed on May 20, 2017, McKaveney contends she is entitled to relief on the following grounds:

    1. Defendant was not able to testify on her own behalf due to medication from a physician at the county jail.
    2. The jury was not allowed to know the defendant was on any medication.

---

[1] See: Petition at ¶¶ 1-6.

3. There is no DNA evidence to tie the defendant to the crime.
4. There is no weapon in the evidence.
5. There is no witness that s[aw] the crime take place.
6. The defendant is to[o] small to have com[m]itted the massive attack on the victim.
7. The defendant had no motive.
8. The defendant was unable to testify on her own behalf.
9. The defendant was not given adequ[ate] coun[s]el.[2]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, post-conviction relief was not sought until September 9, 2010 or almost ten months after her conviction became final. Gonzalez v. Thaler, 132 S.Ct. 641 (2012); Pa.R.A.P. 1113. The grant of post-conviction relief and a new trial was reversed on February 25, 2014 and allowance of appeal was denied on August 29, 2014. The instant petition was executed on May 20, 2017. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The

---

[2] See: Petition at ¶12.

petitioner did not seek post-conviction relief until almost ten months after she could have done so. That petition was granted; the grant of post-conviction relief was reversed by the Superior Court on February 25, 2014 and leave to appeal to the Pennsylvania Supreme Court was denied on August 29, 2014. The instant petition was executed on May 20, 2017 or over two and a half years after it could have been submitted. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred unless the petitioner can demonstrate some basis for invoking equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). No such showing is made here and indeed all of petitioner's allegations relate to trial events.[3]

      Accordingly, the petitioner will be directed to show cause, if any, why the instant petition should not be dismissed as untimely.

May 25, 2015                                                                                            s/ Robert C. Mitchell
                                                                                                 United States Magistrate Judge

---

[3] We note that the petitioner has filed a state habeas corpus petition. However, we note that under Pennsylvania law, issues which are properly raised in a timely post-conviction petition are not properly raised in a common law habeas corpus petition. Com v. Taylor, 65 A.3d 462 (Pa.Super. 2013).

ORDER

AND NOW, this 25th day of May, 2017, for the reasons set forth in the foregoing Memorandum, IT IS ORDERED that on or before June 16, 2017, the petitioner show cause, if any why the instant petition should not be dismissed as untimely.

s/ Robert C. Mitchell
United States Magistrate Judge